[*General Term, April*, 1873.]

PATRICK CLARK *v.* CHARLES ISMAEL.

If personal property, in lieu of homestead, less in value than $500, is levied upon on execution and assigned to the debtor, under section 3 of the act of April 9, 1869 (66 Ohio L. 50), he may, if a subsequent execution be levied upon after-acquired personalty, to satisfy the same judgment, have set off to him enough in value of the latter to make up, with what is yet held by him of the former, $500 in value in all.

*Fox & Bird,* for plaintiff.

*J. G. & H. Douglass,* for defendant.

YAPLE, J.   Clark brings his petition in error to reverse a judgment rendered against him in Special Term, in a suit wherein he was plaintiff and Ismael defendant, the judgment being for the defendant.

The suit was brought to recover damages against Ismael, who was a constable, holding an execution against Clark, issued upon the judgment of a justice of the peace, for wrongfully refusing to set off and assign to Clark, who was the head of a family, etc., and not the owner of a homestead, personal property, in lieu thereof, as provided and required by law.   66 Ohio L. 50, sec. 3.

It appeared, from the evidence on the trial, that on September 30, 1870, one Anna Edmonson obtained a judgment against Clark, before John W. Carter, a justice of the peace, for $132, and $2.70 costs, upon which execution was issued the same day and placed in the hands of Ismael, as constable.   He levied the writ upon certain personal property of the defendant, afterward appraised at $415, and set off to the defendant in lieu of homestead, under the abovementioned act of 1869.   Subsequently the defendant become the owner of other personal property, and the execution-plaintiff, on October 1, 1870, caused another execution to be issued, which was placed in Ismael's hands as constable.   He levied the same upon such newly acquired property; and it does not appear but what Clark still had all the personal property theretofore assigned to him in lieu of the homestead.   Clark demanded of the defendant that he would cause to be set off and assigned to him, in lieu of homestead, enough of the property last levied on, to make up, with what had been before set off, $500; to wit, $85 worth.   This the constable refused to do, and hence this suit was brought for damages, laid at more than $100.

On the trial the court charged the jury that, as Clark had claimed and taken the benefit of the homestead exemption law upon the first levy of the first execution, he was barred from claiming any exemption under the second; whereupon the jury found a verdict for the defendant, upon

Clark *v.* Ismael.

which the court rendered judgment. A motion for a new trial was made and overruled, exceptions taken, and the case brought here upon error.

We are clearly of opinion that the court erred in its charge. The statute laws of 1869 (p. 50, sec. 3), provide: " That it shall be lawful for any resident of Ohio, being the head of a family and not the owner of a homestead, to hold exempt from levy and sale as aforesaid, personal property to be selected by such person, his agent or attorney, *at any time before sale, not exceeding five hundred dollars in value,* in addition to the amount of chattel property now by law exempted ; the value of such property to be estimated and appraised by two disinterested householders of the county, to be selected by the officer holding the execution," etc.

It is clear that every such debtor is entitled to hold, in lieu of homestead, $500 worth of personal property ; and for his benefit the act is to be liberally construed. The law can assign or set off to him nothing which it does not take under its control; and the debtor, therefore, is to make such demand and selection out of property levied upon, or about to be levied upon, under a claim of authority, to satisfy the writ. The law can set off to him no more than it has seized, or claims the present right to seize. If that does not amount to $500 in value, surely the law will not allow the debtor to be deprived of $500 worth of personal property by subsequent writs. If this could be done, a creditor might almost wholly defeat the debtor's right under the statute. He could cause an execution to be issued and levied upon but $50 worth of personal property, which being claimed and set off, in lieu of homestead, he could have another writ issued and levied upon $450 worth, and thus practically reduce the exemption to $50. This, surely, is not a sound or practical construction of the statute.

Under our laws, certain property is absolutely exempt from execution. This can not be levied upon at all. Other enumerated articles of property are exempt only at the

election of the debtor, who must select them. And we think that when personal property is once assigned in lieu of homestead, such specific property so assigned, is thereafter exempt from seizure and sale upon any execution, the same as the first class of exempt property above mentioned; but that if such exempted property never, in all, amounted to $500 in value, the debtor may, as against any subsequent writ, claim enough additional property to make up, with the previous assignment, $500 in value. As the plaintiff, so far as the record advises us, had all the property, valued at $415, originally set off to him, at the time of the first levy, when the last levy was made, we are not called upon to determine what his rights would have been against the second execution, as to holding $500 worth of personalty exempt, if he had consumed all that had been previously set off to him; but we do hold that he had the right to have property appraised at $85 set off to him under the levy of the last execution. The judgment will be reversed, and the cause remanded to Special Term for further proceedings, according to law.